# EXHIBIT 1

AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA LaBAR)     20-065

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| DAVID ELMAKAYES | ) | Case No. 20-1026 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of    JUNE 3, 2020    in the county of    PHILADELPHIA    in the
   Eastern    District of    Pennsylvania    , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 844(i). | Maliciously damaging property used in interstate commerce by means of an explosive. |
| Title 18, United States Code, Section 922(g)(1). | Felon in possession of a firearm. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

                                                 s/ David L. O'Brien
                                                 *Complainant's signature*

                                                 ATF Special Agent David L. O'Brien
                                                 *Printed name and title*

Sworn to before me and signed in my presence.

Date:    06/17/2020                             s/ Marilyn Heffley
                                                         *Judge's signature*

City and state:    Philadelphia, PA.             U.S. Magistrate Judge Marilyn Heffley
                                                          *Printed name and title*

# **A F F I D A V I T**

I, David L. O'Brien, being first duly sworn, hereby depose and state as follows:

## **INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with ATF and have been so employed since August 2001. I am currently assigned to ATF Philadelphia Group II, Arson and Explosives Task Force. The Task Force's primary responsibilities include investigating groups or individuals who commit violations of federal arson and explosives laws.

2. During my tenure with the ATF, I have been the affiant for numerous federal search and arrest warrants. I have personally conducted and participated in dozens of investigations, which have resulted in the arrest and prosecution of individuals charged with federal crimes.

3. I am a Law Enforcement officer as defined in 18 U.S.C. § 3051, and as such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

4. The contents this affidavit are the result of my observations, the observations of other law enforcement officers and witnesses, the observations and opinions of officers and agents who are experts in the investigation of arson and explosives, and my experience and background as an ATF agent. Because this affidavit is being submitted for the purpose of obtaining authorization for an arrest warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to arrest DAVID ELMAKAYES for violations of Title 18, United States Code, Sections 844(i) (maliciously damaging property used in interstate commerce by means of an explosive), and

1

922(g)(1), 924(e) (felon in possession of a firearm, armed career criminal).

## PROBABLE CAUSE

5.      On June 3, 2020, at approximately 11:45 p.m., an explosion occurred damaging an automated teller machine (ATM) located outside 217 E. Westmoreland Street, Philadelphia, Pennsylvania.  The ATM was heavily damaged.

6.      An unknown witness driving a silver Dodge sedan westbound on Westmoreland Street briefly stopped and observed the explosion and saw the person who appeared to trigger the blast.  The Dodge then continued westbound on Westmoreland Street and turned south on A Street.  Two uniformed private security guards were working as private contractors providing security to a local business establishment located at A Street and Allegheny Avenue.  This is approximately one and a half blocks from the ATM.  The driver of the Dodge stopped and reported the incident to the security guards and gave them a description of the person responsible for the explosion.  The driver of the Dodge then drove off.  A short time later, the security guards observed DAVID ELMAKAYES, who fit the description of the person responsible for the ATM explosion, walking south on A Street, from the direction of the blast and towards them.

7.      ELMAKAYES walked to the guards and engaged them in conversation.  Eventually the guards asked if they could search ELMAKAYES' backpack.  ELMAKAYES eventually agreed that they could do so, and told them that he had a firearm in the backpack.  The guards searched his person and his backpack.  The guards found an illegal explosive device (an M-Type device) in ELMAKAYES' back pocket.  In his backpack they found a Beretta, 3020 Tomcat, .32 caliber pistol, bearing serial number DAA377456, two more explosive devices, marijuana, and drug paraphernalia.  The

guards noticed that ELMAKAYES was carrying a cigarette lighter when he approached them, and that the lighter was still warm when they took it from him.  The guards noted that ELMAKAYES did not have any cigarettes in his possession.  The guards then called the police.  Philadelphia Police patrol officers responded and arrested ELMAKAYES.  Philadelphia Bomb Disposal Unit officers also responded to take possession of the explosive devices and to examine the ATM.  The responding Bomb Disposal Unit officers recovered damaged red cardboard tubing from inside the damaged ATM.

       8.       On June 4, 2020, the Philadelphia Arson & Explosives Task Force responded to further investigate the ATM explosion.  Task force members photographed the scene, examined the blast damage, and recovered surveillance videos from several security cameras in the immediate vicinity that show the blast.  I have reviewed the videos.

       9.       On the video, at approximately 11:30 p.m. on June 3, 2020, a male is shown in the immediate the area of the ATM.  The male is dressed in black sneakers, black pants, a gray hooded sweatshirt with a circular logo and lettering on the chest, a black hat, and has a black backpack on his back.  The male is carrying a white bag with red lettering/design.  He has facial hair. The male goes to the ATM and looks and feels around it.  The male eventually walks off to the west.

       10.      At approximately 11:40 p.m., a person who appears to be the same male who was at the ATM 10 minutes earlier walks to the ATM from the west.  The person is dressed in black sneakers, black pants, a gray hooded sweatshirt turned inside out, and has a black backpack on his back.  The person is carrying a white bag with red lettering/design.  The person's hood is up and he is wearing a mask over his nose and mouth.

3

11.     At approximately 11:42 p.m., the person places what appears to be an illegal explosive device in the ATM, lights it using a cigarette lighter, and quickly moves away.  There is a large explosion inside the ATM.  The person returns to the ATM.  It does not appear the person takes money from the ATM.  The silver Dodge sedan mentioned above is seen in the surveillance videos as well.

12.     The person then walks westbound on Westmoreland Street.  The person can be seen crossing Westmoreland walking southbound on the east side of A Street.  The person then pulls his mask down, and it can be seen that the person is a male with facial hair.

13.     Other surveillance video shows the same person continuing to walk south on A Street and then approaching and talking with the private security guards.

14.     On June 15, 2020, I displayed a screen capture of the male who was seen on video first approaching the ATM at approximately 11:30 p.m. to T.P., one of the two security guards. T.P. identified the individual in the screen capture as the person he and his partner encountered, that is, the defendant ELMAKAYES.

15.     Criminal history checks reveal that ELMAKAYES has previously been convicted three times of felony drug crimes.  In one of those drug cases he was sentenced to serve a term of eleven months and 15 days to a maximum of 1 year and eleven months in prison, followed by 8 years of probation. He has also been convicted once of felony aggravated assault.  In that case he was sentenced to serve eleven months and 15 days to a maximum of 1 year and eleven months in prison. He is presently on probation.  ELMAKAYES thus clearly knows that he has been convicted of crimes that carry a penalty in excess of one year in prison. He is prohibited by federal law from possessing firearms.

4

16. The ATM bombed by ELMAKAYES is owned by Aztech Communications, a business based in New Jersey. The ATM is used in and affects interstate commerce.

17. The three explosive devices (M-Type devices) that ELMAKAYES possessed were examined by an ATF Bomb Technician. The technician found that the devices were each constructed of red cardboard tubing approximately six inches (6") long by one inch (1") in diameter, sealed at both ends with red plastic end plugs, and had a piece of multi-colored hobby fuse approximately one and three quarters inches (1 ¾") length protruding from the middle. The red tubing is consistent with the damaged red cardboard tubing recovered from the ATM by investigators. The technician opened one of the devices and examined it further. The device contained approximately 48 grams of a fine grey powder. The technician performed a flame test on the powder. The powder reacted in an energetic manner. The devices are illegal M-Type explosive devices within the meaning of federal law.

18. M-Type devices range in terminology from an M-80 to an M-1000. M-1000's such as those recovered from ELMAKAYES are among the most dangerous of such devices, and in street vernacular are often called "quarter" or "half sticks of dynamite" due to their size. These devices generally consist of a heavy cardboard tube, sealed at both ends, filled with an explosive and have a hobby fuse wick inserted. The devices function by applying an external heat source, such as a match or light to the wick. The most common explosive found inside the devices is flash powder, a perchlorate chemical explosive compound. These devices carry enough explosives to cause serious bodily injury and in certain cases death. They are unstable, and dangerous. The devices are not legally manufactured, used, or possessed in the United States.

19.     The firearm recovered from ELMAKAYES, a Beretta, Model 3020 Tomcat, .32 caliber pistol, serial number DAA377456, was manufactured outside of the Commonwealth of Pennsylvania and by virtue of its presence in Pennsylvania when seized from ELMAKAYES, the firearm traveled in interstate commerce.  Also, it is a "firearm" as defined in 18 U.S.C. § 921(a)(3).

20.     Based upon the aforementioned facts, I submit that there is probable cause to believe that DAVID ELMAKAYES violated Title 18 United States Code, Sections 844(i) and 922(g)(1), 924(e).

*David L. O'Brien*
**DAVID L. O'BRIEN**
**Special Agent, ATF**

**Sworn and subscribed to before me
this 17 day of  June, 2020**

*s/ Marilyn Heffley*_____ _
**HONORABLE MARILYN HEFFLEY**
*United States Magistrate Judge*
*Eastern District of Pennsylvania*

6